IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DE'ANDRE STARNES,              )
                               )
            Plaintiff,         )
                               )
    v.                         )    1:15CV1002
                               )
GILBARCO VEEDER-ROOT,          )
                               )
            Defendant.         )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is a Motion to Dismiss or in the Alternative for Summary Judgment filed by Defendant Gilbarco Veeder-Root (Doc. 15), and a Motion to File Third Amended Complaint and Add Defendant filed by pro se Plaintiff De'Andre Starnes (Doc. 27).

"It is well established that federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." Garraghty v. Virginia Ret. Sys., 200 F. App'x 209, 211 (4th Cir. 2006) (internal quotations omitted). In reviewing the pleadings, it appears that Plaintiff has alleged a claim of discrimination under the Americans with Disabilities Act ("ADA"). Whether a court has subject matter jurisdiction is a "threshold issue" that a court must consider prior to addressing the merits of an

ADA claim. Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The party invoking the jurisdiction of the court, here Plaintiff, has the burden of proving subject matter jurisdiction. Id.

Before a plaintiff may file suit under the ADA, he is required to exhaust his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. § 12117(a) (incorporating the "powers, remedies, and procedures" of Title VII, including exhaustion requirement); Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 593 (4th Cir. 2012). A failure by the plaintiff to exhaust administrative remedies concerning a discrimination claim deprives the federal courts of subject matter jurisdiction over the claim. See Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

Here, Plaintiff has completely failed to plead that he exhausted his administrative remedies with respect to the ADA claim. Plaintiff does not allege that he filed a charge with the EEOC, nor has he attached to the Second Amended Complaint (Doc. 8) or motion for leave to amend (Doc. 27) an EEOC Notice of

Charge or Notice of Right to Sue.[1] Plaintiff has failed to allege any facts supporting a jurisdictional foundation for his ADA claim, and these claims are subject to dismissal. See Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) ("Thus, where neither the complaint nor the amended complaint alleges that the plaintiff has complied with these prerequisites, the plaintiff has not properly invoked the court's jurisdiction under Title VII." (internal quotations omitted)).

Accordingly, **IT IS THEREFORE ORDERED** that Plaintiff has ten (10) days within which to file with this court either proof of a charge of discrimination filed with the EEOC or a showing of why this court can consider Plaintiff's disability discrimination claim without a showing that Plaintiff exhausted his administrative remedies.

This the 1st day of February, 2017.

/s/ William L. Osteen, Jr.
United States District Judge

---

[1] Plaintiff filed two charges with the National Labor Relations Board, but even those charges do not allege a claim of disability discrimination. (Def.'s Mot. to Dismiss, Exs. O, P (Docs. 15-16, 15-17).)